(169 App. Div. 568)

## In re HYDE'S ESTATE.

### ALLEN et al. v. TRAVIS, State Comptroller.

#### (No. 7776.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. TAXATION ⬅═893—TRANSFER TAX—PROCEEDINGS—REFERENCE.

    Determination of a testator's residence at the time of death on the question of the liability for a transfer tax cannot be delegated by a surrogate to a referee, though he may appoint a referee to take evidence and report.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬅═893.]

2. DOMICILE ☞10—EVIDENCE—SUFFICIENCY.

Evidence *held* to establish that testator's residence at his death was in Connecticut, and not in New York, so as to subject his estate to the New York transfer tax.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. ☞10.]

3. AFFIDAVITS ☞17—ON INFORMATION—FORCE—"CONTROVERTED."

Under Code Civ. Proc. § 2546, providing that an affidavit in a special proceeding in a Surrogate's Court shall be due proof, unless "controverted," an affidavit is not so controverted by an affidavit on information and belief, not disclosing the source of information.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 8–10, 16; Dec. Dig. ☞17.]

In the matter of the estate of Seymour J. Hyde. Motion was made for exemption from a transfer tax, which was denied, and a referee was appointed to determine testator's residence. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James J. Allen and Walter L. Worrall, both of New York City, for appellants.

John Boyle, Jr., of New York City, for respondent.

McLAUGHLIN, J. The executors under the will of Seymour J. Hyde made a motion to exempt his estate from transfer tax, upon the ground that he was not, at the time of his death, a resident of the state of New York and had no taxable property therein, but at such time was a resident of the state of Connecticut. The motion was denied, a referee appointed to hear and determine the question of the decedent's residence, and the executors appeal.

[1, 2] The surrogate, in my opinion, had no power to appoint a referee to determine the residence of the testator at the time of his death. That was a question which had to be determined by the surrogate himself, and could not be delegated to another. He could appoint a referee to take proof and report, and, treating the order as one for that purpose, I am of the opinion, upon the proof presented, it ought not to have been made. It appears from the affidavits of Elizabeth Worrall Hyde, the widow of the decedent, and Walter L. Worrall, his brother-in-law and one of the executors of his estate, that the testator, at the time of his death, was, and for some considerable time immediately prior thereto had been, a resident of Greenwich, Conn.; that in 1902 or 1903 the testator, then a resident of the state of New York, purchased certain real estate in Greenwich, Conn., and then or some time thereafter, commenced the erection of a residence thereon, which was completed in 1907; that in June of that year he and his family moved from their apartment in the city of New York to this residence where he, except for occasional temporary absences, continuously resided until the time of his death; that he voted at the elections held in Greenwich in the years 1907, 1908, 1909, 1911, and 1912, and there is no evidence that during that time he voted anywhere else. The affidavits further show that in Trow's General Directory of the

boroughs of Manhattan and the Bronx, from 1908 to 1915, inclusive, the residence of the testator was given as Greenwich, Conn., and at the time he died he had no property within the state of New York, except wearing apparel of the value not to exceed $250.

[3] These facts were not controverted in any respect, nor was any fact presented to the surrogate to the effect that the testator resided in the state of New York at the time of his death, except an affidavit of the attorney for the state comptroller, which merely stated that the affiant "is informed and verily believes that said decedent was, in fact, a resident of the state of New York at the time of his death." Not a single fact is set forth showing the source of the information or the ground of the belief. The statement, therefore, is at most a mere conclusion, and in no way destroyed the legal effect to be given to the affidavits referred to. These affidavits, not being controverted, constituted "due proof" that the testator did not reside in the state of New York at the time he died. Section 2546, Code of Civil Procedure. This section of the Code provides:

"Except as otherwise provided by law, a petition, affidavit or account filed in a special proceeding, shall be due proof of the facts therein stated, unless controverted by answer, objection or other proof."

Clearly the affidavit in opposition to the motion did not effectually controvert the proof of decedent's nonresidence, since it contained no denial of the facts set forth in the moving affidavits. Nor did it raise an issue as to such residence. The moving affidavits having established the defendant's nonresidence and that fact not being controverted, the motion to exempt decedent's estate from a transfer tax should have been granted.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to exempt the decedent's estate from a transfer tax granted, with $10 costs. Settle order on notice. All concur.